E-FILED
Wednesday, 22 March, 2006 02:54:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, ) ) ) | |
| Plaintiffs/Claimants, ) ) | Case No. 06 - _____ |
| v. ) ) | |
| BILLY JOE THOMAS, ) ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiffs/Claimants, JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, by Ralph D. Davis and Jay H. Janssen of THE JANSSEN LAW CENTER and for their Complaint against Defendant, BILLY JOE THOMAS, state as follows:

**Allegations Common to All Counts**

*Jurisdiction & Venue*

1.  The incident forming the basis of this litigation occurred on May 21, 2004, at approximately 10 p.m., near mile marker 181 on the Illinois River, approximately one-half mile north of the Chillicothe boat docks in Chillicothe, Peoria County, Illinois, demonstrating that without waiving the objections given in paragraphs 15 and 16 below:

    (a) The District Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1367; and

    (b) Pursuant to Local Rule 40.1, venue is proper in the Peoria Division of the Central District of the United States District Court.

*Parties*

2. At the aforementioned time and place, JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, were passengers in a 17-foot pleasure boat operated by Casey A. Barnick.

3. At all times material herein, Illinois Marine Towing, Inc. was a corporation doing business in Illinois.

4. At the aforementioned time and place, BILLY JOE THOMAS was operating the *M/V Herman Crown* and *Barge RMT315*.

5. At the aforementioned time and place, BILLY JOE THOMAS was the agent or employee of Illinois Marine Towing, Inc., and was within the scope of his agency and/or employment.

6. At all times material herein, there was in full force and effect the following Illinois statute, 625 ILCS 45/4-2(C) which provides:

> C. Every vessel 39 feet or more in length shall carry and display when underway, such additional or alternate lights as shall be required by the U.S. Coast Guard for water craft of equivalent length and type.

7. At all times material herein, there was in full force and effect 33 USC, §2024, commonly known as U.S. Coast Guard Navigation Rule No. 24, which states:

> ...
>
> (c) Power-driven vessel when pushing ahead or towing alongside
>
> A power-driven vessel when pushing ahead or towing alongside, except as required by paragraphs (b) and (i) of this Rule, shall exhibit:
>
> > (i) instead of the light prescribed either in

>>      Rule 23(a)(i) or
>>      23(a)(ii), two masthead
>>      lights in a vertical line;
>
>   (ii) sidelights; and
>
>   (iii) two towing lights in a vertical
> line.
>
>                     ...
>
>   (f) Vessels being towed alongside or pushed
>   in a group
>
>   Provided that any number of vessels being
>   towed alongside or pushed in a group shall be
>   lighted as one vessel, except as provided in
>   paragraph (iii)--
>
>      (i)  a vessel being pushed ahead, not
>           being part of a composite unit,
>           shall exhibit at the forward end,
>           sidelights and a special flashing
>           light;
>                     ...

8.   At all material times herein, there was in full force and effect 33 U.S.C. §2015(b), commonly known as U.S. Coast Guard Navigational Rule 15, which states:

>   (b) Vessels crossing river
>
>   Notwithstanding paragraph (a), on the Great
>   Lakes, Western Rivers, or water specified by
>   the Secretary, a power-driven vessel crossing
>   a river shall keep out of the way of a power-
>   driven vessel ascending or descending the
>   river.

9.   At all material times herein, there was in full force and effect 33 U.S.C. §2034(d), commonly known as U.S. Coast Guard Navigational Rule 34, which states:

>   (b) Doubts or failure to understand signals

3

> When vessels in sight of one another are
> approaching each other and from any cause
> either vessel fails to understand the
> intentions or actions of the other, or is in
> doubt whether sufficient action is being
> taken by the other to avoid collision, the
> vessel in doubt shall immediately indicate
> such doubt by giving at least five short and
> rapid blasts on the whistle.  This signal may
> be supplemented by a light signal of at least
> five short and rapid flashes.

10. At all material times herein, there was in full force and effect 33 C.F.R. §164.72(a), which states:

> (a) Except as provided by § 164.01(b), each
> towing vessel must be equipped with the
> following navigational-safety equipment:
>
> (1) Marine Radar. ...

11. At the aforementioned time and place, the pleasure boat operated by Casey A. Barnick was heading north on the Illinois River when it collided with the aforementioned barge being pushed by the *M/V Herman Crown*.

12. As a result of said collision, JOSHUA BROUGHTON, TIM FLEMMING, AND STEPHEN TURNER sustained severe personal injuries.

13. These claims are being made under protest and without prejudice to Plaintiffs/Claimants' position, set forth in other pleadings filed with this Court in Case Number 1-05-CV-1057, that any limitation of or exoneration from liability is improper and should be dismissed, and that the injunction prohibiting legal proceedings be dissolved and Plaintiff/Claimant be permitted to litigate his claims and actions under the General Maritime Laws and/or the laws of the State of Illinois in the state court of

his choice.

14.  These claims are also being made without prejudice to Plaintiffs/Claimants' already filed Complaint against Casey A. Barnick and Inland Marine Service, Inc. (Illinois Marine Towing, Inc.) in the Circuit Court of the Tenth Judicial Circuit of Illinois, Peoria County, in the Case Number 04 L 201.  That pleading was removed to U. S. District Court, Central District (Case No. 05-1057) by Defendant Illinois Marine Towing Inc..

## COUNT I
### Joshua Broughton vs. Billy Joe Thomas

NOW COMES Plaintiff/Claimant, JOSHUA BROUGHTON, and for his cause of action against BILLY JOE THOMAS, states as follows:

1-14.    Plaintiff/Claimant hereby adopts and realleges paragraphs 1 through 14 of the Allegations Common to All Counts section as paragraphs 1-14 of Count I.

15.  At all relevant times, BILLY JOE THOMAS had a duty to ensure the *M/V Herman Crown* and *Barge RMT 315* were operated in a reasonably safe manner.

15.  On May 21, 2004, BILLY JOE THOMAS was guilty of one more of the following negligent acts, omissions, or violations of statute:

   (a)  Failed to keep a safe and proper lookout for other boats on the river as required by U.S. Coast Guard

5

        Rules;

(b) Failed to exhibit the lighting required by 625 ILCS 45/4-2(C);

(c) Operated the vessel without proper lighting and radar as required by U.S. Coast Guard Rules and Regulations;

(d) Failed to keep out of the way of a vessel ascending or descending a river as required by U.S. Coast Guard Rules; and/or

(e) Failed to sound a whistle when in doubt that sufficient action was being taken by another vessel to avoid collision, as required by U.S. Coast Guard Rules.

21. As a direct and proximate result of one or more of the foregoing negligent acts, omissions or violations of statute by BILLY JOE THOMAS, the pleasure craft in which JOSHUA BROUGHTON was riding struck the aforementioned barge resulting in serious injury and death to him.

22. Plaintiff/Claimant desires and is entitled to a trial by jury in this matter.

**WHEREFORE**, Plaintiff/Claimant, JOSHUA BROUGHTON prays:

(a) That process in due form of law and according to the practice of this Honorable Court issue against BILLY JOE THOMAS, citing them to appear and answer under oath, all and singular, the matters aforesaid;

(b) That Plaintiff/Claimant may have judgment for damages

       against BILLY JOE THOMAS for an amount in excess of the limitation fund in compensatory damages, together with interest from the date of occurrence until paid and costs against the BILLY JOE THOMAS;

(c) That Plaintiff/Claimant be granted a trial by jury in the instant matter;

(d) That all experts' fees be taxed as costs;

(e) That this Honorable Court grant Plaintiff/Claimant such other and further relief, general and equitable, that the justice of the cause may require and to which he may be otherwise entitled.

**PLAINTIFF/CLAIMANT DEMANDS TRIAL BY JURY**

### COUNT II
### Tim Flemming vs. Billy Joe Thomas

NOW COMES Plaintiff/Claimant, TIM FLEMMING, and for his cause of action against BILLY JOE THOMAS, states as follows:

1-14.   Plaintiff/Claimant hereby adopts and realleges paragraphs 1 through 14 of the Allegations Common to All Counts section as paragraphs 1-14 of Count II.

15.   At all relevant times, BILLY JOE THOMAS had a duty to ensure the *M/V Herman Crown* and *Barge RMT 315* were operated in a reasonably safe manner.

<u>     15.</u>   On May 21, 2004, BILLY JOE THOMAS was guilty of one more of the following negligent acts, omissions, or violations of

7

statute:

   (a) Failed to keep a safe and proper lookout for other boats on the river as required by U.S. Coast Guard Rules;

   (b) Failed to exhibit the lighting required by 625 ILCS 45/4-2(C);

   (c) Operated the vessel without proper lighting and radar as required by U.S. Coast Guard Rules and Regulations;

   (d) Failed to keep out of the way of a vessel ascending or descending a river as required by U.S. Coast Guard Rules; and/or

   (e) Failed to sound a whistle when in doubt that sufficient action was being taken by another vessel to avoid collision, as required by U.S. Coast Guard Rules.

21. As a direct and proximate result of one or more of the foregoing negligent acts, omissions or violations of statute by BILLY JOE THOMAS, the pleasure craft in which TIM FLEMMING was riding struck the aforementioned barge resulting in serious injury and death to him.

22. Plaintiff/Claimant desires and is entitled to a trial by jury in this matter.

**WHEREFORE**, Plaintiff/Claimant, TIM FLEMMING prays:

   (a) That process in due form of law and according to the practice of this Honorable Court issue against BILLY

    JOE THOMAS, citing them to appear and answer under oath, all and singular, the matters aforesaid;

(b)  That Plaintiff/Claimant may have judgment for damages against BILLY JOE THOMAS for an amount in excess of the limitation fund in compensatory damages, together with interest from the date of occurrence until paid and costs against the BILLY JOE THOMAS;

(c)  That Plaintiff/Claimant be granted a trial by jury in the instant matter;

(d)  That all experts' fees be taxed as costs;

(e)  That this Honorable Court grant Plaintiff/Claimant such other and further relief, general and equitable, that the justice of the cause may require and to which he may be otherwise entitled.

**PLAINTIFF/CLAIMANT DEMANDS TRIAL BY JURY**

## COUNT III
### Stephen Turner vs. Billy Joe Thomas

NOW COMES Plaintiff/Claimant, STEPHEN TURNER, and for his cause of action against BILLY JOE THOMAS, states as follows:

1-14. Plaintiff/Claimant hereby adopts and realleges paragraphs 1 through 14 of the Allegations Common to All Counts section as paragraphs 1-14 of Count III.

15. At all relevant times, BILLY JOE THOMAS had a duty to

ensure the *M/V Herman Crown* and *Barge RMT 315* were operated in a reasonably safe manner.

    15.  On May 21, 2004, BILLY JOE THOMAS was guilty of one more of the following negligent acts, omissions, or violations of statute:

    (a)  Failed to keep a safe and proper lookout for other boats on the river as required by U.S. Coast Guard Rules;

    (b)  Failed to exhibit the lighting required by 625 ILCS 45/4-2(C);

    (c)  Operated the vessel without proper lighting and radar as required by U.S. Coast Guard Rules and Regulations;

    (d)  Failed to keep out of the way of a vessel ascending or descending a river as required by U.S. Coast Guard Rules; and/or

    (e)  Failed to sound a whistle when in doubt that sufficient action was being taken by another vessel to avoid collision, as required by U.S. Coast Guard Rules.

    21.  As a direct and proximate result of one or more of the foregoing negligent acts, omissions or violations of statute by BILLY JOE THOMAS, the pleasure craft in which STEPHEN TURNER was riding struck the aforementioned barge resulting in serious injury and death to him.

    22.  Plaintiff/Claimant desires and is entitled to a trial

by jury in this matter.

**WHEREFORE**, Plaintiff/Claimant, STEPHEN TURNER prays:

(a)  That process in due form of law and according to the practice of this Honorable Court issue against BILLY JOE THOMAS, citing them to appear and answer under oath, all and singular, the matters aforesaid;

(b)  That Plaintiff/Claimant may have judgment for damages against BILLY JOE THOMAS for an amount in excess of the limitation fund in compensatory damages, together with interest from the date of occurrence until paid and costs against the BILLY JOE THOMAS;

(c)  That Plaintiff/Claimant be granted a trial by jury in the instant matter;

(d)  That all experts' fees be taxed as costs;

(e)  That this Honorable Court grant Plaintiff/Claimant such other and further relief, general and equitable, that the justice of the cause may require and to which he may be otherwise entitled.

**PLAINTIFF/CLAIMANT DEMANDS TRIAL BY JURY**

Respectfully submitted,

11

JOSHUA BROUGHTON, TIM FLEMMING, and
STEPHEN TURNER,
Plaintiffs/Claimants


By: __/s    Ralph D. Davis_____
By: __/s Jay H. Janssen_____

Ralph D. Davis (Lead counsel designate pursuant to Local Rule 11.2)
Illinois Bar # 6196388

Jay H. Janssen
Illinois Bar # 01325957

The Janssen Law Center
333 Main Street
Peoria, IL 61602
309-676-2341 phone
309-676-7678 fax
rdavis@jjlaw.com
jay@jjlaw.com

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joshua Broughton, Tim Flemming and Stephen Turner

## DEFENDANTS
Billy Joe Thomas

**(b)** County of Residence of First Listed Plaintiff: Peoria
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Grundy
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ralph D. Davis, Jay H. Janssen, Janssen Law Center, 333 Main Street, Peoria, IL 61602  309/676-2341

Attorneys (If Known)
Michael Snyder, Snyder & McGovern, 343 S. Dearborn, Suite 2015, Chicago, IL 60604

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Admiralty & Tort

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Michael Mihm   DOCKET NUMBER 05-1057

DATE: 03/22/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____