E-FILED
Friday, 12 May, 2006 02:25:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, | ) ) ) | |
| Plaintiffs/Claimants, | ) ) | Case No. 06 - 1076 |
| v. | ) ) | |
| BILLY JOE THOMAS, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR A MORE DEFINITE STATEMENT**

Come now Plaintiffs, JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, by their attorneys, Ralph D. Davis and Jay H. Janssen, of THE JANSSEN LAW CENTER, and pursuant to Federal Rule of Civil Procedure 12 (e), move this Court to order Defendant, BILLY JOE THOMAS, to make a more definitive statement in his counterclaims in his answer to Plaintiffs' Counts I, II and III in Plaintiffs' Complaint.

In support of their motion, Plaintiffs state as follows:

1. FRCP 12(e) specifies that a motion for a more definitive statement "shall point out the defects complained of and the details desired."

2. The defects complained of are:

    a. Defendant's counterclaims under the Counts of the Complaint individually pleaded for each Plaintiff contain allegations for which the individual Plaintiff is not legally competent to admit to. For example,

1

       Defendant's counterclaim in his answer to Count I (the individual claim against Defendant by Plaintiff Broughton) contains allegations in paragraphs 1, 3, 4 and 5 alleging intoxication of persons other than Plaintiff Broughton.  Plaintiff Broughton can neither admit nor deny these allegations.  However, FRCP 8(d) specifies that the failure to deny an allegation results in the allegation being admitted to, placing co-Plaintiffs in the position of admitting by default to the allegations on each other.  Similar defects appear in all of Defendant's counterclaims variously in paragraphs 1 through 5.  In short, with respect to each individual Plaintiff, counterclaims under each count plead too much and are therefore defective.

b.    Paragraph 6 of each counterclaim alleges joint and several liability for the Plaintiffs being on a "joint adventure to go beer drinking and boat riding."  Under Illinois law, there is no recognized legal claim containing the alleged elements and resulting in joint and several liability.  Under Illinois law, however, Defendant can make a counterclaim for contribution and indemnity (735 ILCS 5/13-204), but the Illinois provisions do not impose joint and several liability. Again, in short, Defendant pleaded too much in its

        counterclaim, and the legal assertion of joint and several liability was fatal to its pleading.

c. All paragraphs of the counterclaims do not make clear what kind of a claim Defendant is making - whether an intentional tort or negligence.

d. With respect to Plaintiffs Broughton, Flemming and Turner, paragraph 21 contains exculpatory allegations and defeats any claim as to them whether the claim sounds in negligence or intentional tort. Specifically, the allegation states that Casey Barnick was warned by "one of more of his joint adventurers" of the hazard of the barge. This paragraph alone would support a FRCP 12(b)(6) motion that Defendant failed to state a claim upon which relief could be granted.

e. Defendant does not make clear what a "joint adventurer" is except to say that Plaintiffs' joint adventure was to "go beer drinking and boat riding." The pleading, at best, suggests that the combination of these two activities create some kind of culpability upon Plaintiffs. The individual activities - beer drinking and boat riding - by themselves do not give rise to a any claim. The counterclaims suggest that the Plaintiffs alleged intoxication and participation in the intoxication of Casey Barnick somehow are enough to

       state a claim against Plaintiffs Broughton, Flemming, and Turner.  Illinois common law, however, has never supported a claim of liability against a person for serving alcohol to a person who then injures another.

f.    Defendant's prayer for relief in each of the counterclaims requests that Plaintiffs Broughton, Flemming and Turner be adjudged jointly and severally liable.  As pleaded, Defendant makes no claim that can be proven under any set of facts that results in joint and several liability.

A memorandum of law is also filed to support this motion.

Plaintiffs JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, respectfully move this Court to Order Defendant BILLY JOE THOMAS to make a more definitive statement in his counterclaims in his answer to Plaintiffs' Complaint.

                                                Respectfully submitted,

                                JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER,
                                       Plaintiffs/Claimants

By:   /s    Ralph D. Davis
By:   /s Jay H. Janssen

      Ralph D. Davis (Lead counsel designate pursuant to Local Rule 11.2)
      Illinois Bar # 6196388

>Jay H. Janssen
>Illinois Bar # 01325957
>
>The Janssen Law Center
>333 Main Street
>Peoria, IL 61602
>309-676-2341 phone
>309-676-7678 fax
>rdavis@jjlaw.com
>jay@jjlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2006, I electronically filed the foregoing Motion for a More Definitive Statement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Snyder
Snyder & McGovern, LLC
343 S. Dearborn St.
Suite 2015
Chicago, IL 60604
shiplaw@juno.com

>/s Ralph D. Davis
>Janssen Law Center
>333 Main St.
>Peoria, IL 61602
>309-676-2341
>309-676-7678 (fax)
>rdavis@jjlaw.com