IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, | ) ) ) |
| Plaintiffs/Claimants, | ) Case No. 06 - 1076 |
| v. | ) ) |
| BILLY JOE THOMAS, | ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR A MORE DEFINITIVE STATEMENT**

Come now Plaintiffs, JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER, by their attorneys, Ralph D. Davis and Jay H. Janssen, of THE JANSSEN LAW CENTER, and pursuant to Local Rule 7.1 (B)(1), files their memorandum supporting Plaintiff's Motion for a More Definitive Statement.

I.  **INTRODUCTION**

Plaintiffs recognize that notice pleading under the Federal Rules of Civil Procedure requires that pleadings only be sufficient to state a claim.  However, as discussed below, it is possible to plead too much, and Defendant BILLY JOE THOMAS has defectively pleaded in such a way that, without amending his counterclaims, they would serve as a basis for a FRCP 12(b)(6) motion for failure to state a claim upon which relief could be granted.

Plaintiffs acknowledge that had Defendant BILLY JOE THOMAS

1

not pleaded too much in its counterclaims, a more concise pleading could serve as a basis for counterclaims for contribution and indemnity under 735 ILCS 5/13-204.

The defects have been stated in Plaintiffs' Motion for a More Definitive Statement. The legal support for those defects appears below in the "Argument" Section of this Memo. Plaintiffs moved this Court for an Order for a More Definitive Statement in the belief that such a filing would be a more efficient means to cure the defective pleading than for Plaintiff to file a FRCP 12(b)(6) motion that in turn would, by operation of FRCP 12(b), require the motion to be handled like a motion for summary judgment under FRCP 56. Plaintiffs anticipated that, had they filed a FRCP 12(b) motion, this Court would nevertheless liberally allow Defendant to amend his pleadings to cure the various defects.

Plaintiffs do not seek any heightened pleading requirements, but rather seek that Defendant state his counterclaims in such a form so that Plaintiffs can reasonably respond without further responsive motions.

II.  **ARGUMENT**

A.   Pleading Too Much Can Be Fatal to Pleading a Claim.

The pleading standard under the Federal Rules of Civil Procedure is simple and straightforward. The standard was articulated by the U.S. Supreme Court most recently in

Swierkiewicz v. Soreman, 534 U.S. 506, 513 122 S.Ct. 992, 998, 152 L.Ed.2d 1, 4A (2002) which stated:

> "[A] complaint must include only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (Citing Conley v. Gibson, 355 U.S. 41, 47, 2 L.Ed.2d 80, 78 S.Ct 99 (1957))

The Seventh Circuit has long recognized that one pleading a claim can plead too much so as to defeat one's claim. In Warzon v. Drew et al., 60 F.3d 1234, 1239 (7th Cir. 1995), the court explained:

> "Although Federal Rule of Federal Procedure 8(a)(2) requires only that a plaintiff's complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by going beyond the bare minimum, a plaintiff may plead herself out of court." (Citing Thomas v. Farley, 31 F.3d 557, 558-9 (7th Cir. 1994)).

In Thomas v. Farley, 31 F.3d 557, 558-9 (7th Cir. 1994), the Seventh Circuit further explained:

> "But if a plaintiff does plead particulars, and they show that he has no claim, then he is out of luck - he has pleaded himself out of court. Early v. Bankers Life & Casualty, 959 F.2d 75, 78 (7th Cir. 1992); Conn v. GATX Terminals Corp., 18 F.3d 417, 419 (7th Cir. 1994); Fryman v. United States, 901 F.2d 79, 82 (7th Cir. 1990). He is not saved by having pleaded a legal conclusion that if consistent with the facts would establish his right to relief, for he has shown that it is inconsistent with the facts. Benson v. Cody, 761 F.2d 335, 338 (7th Cir. 1985); cf. Jones v. Morris, 777 f.2d 1277, 1280 n.5 (7th Cir. 1985).

B.  <u>Defendant BILLY JOE THOMAS Pleaded Too Much to State a Claim.</u>

A more bare-bones pleading for counterclaims against the Plaintiffs might have been enough to state a claim for contribution and indemnity under 735 ILCS 5/13-204.  A bare-bones statement of claim, even without recitation of the Illinois statute or citation to it, would have been sufficient pleading for Plaintiffs to reasonably respond to.

However, paragraph 6 in each of the counterclaims Defendant alleges the Plaintiffs' joint adventure along with Casey Barnick and Eric Allen, deceased, making Plaintiffs jointly and severally liable for "any culpability in the operation of the boat that resulted in a collision, death or personal injury."  There is no joint and several liability in the Illinois statute recited above, and as will be discussed later in this memo, there is no other Illinois law - statutory or common law - that recognizes a claim against "joint adventurers".  No set of facts, if proven, could support a claim, as pleaded, that imposes joint and several liability upon Plaintiffs Broughton, Flemming and Turner.  As such, the counterclaims do not state a claim upon which relief can be granted.

Similarly, Defendant BILLY JOE THOMAS pleaded too much in paragraph 21 in each of the counterclaims.  In that paragraph, Defendant pleads that Casey Barnick, the operator of the boat

4

that struck the barge, "failed to heed the warnings of one or more of his joint adventurers that the barge...was directly in his path." This allegation, if proven, would also prove that Plaintiffs Broughton, Flemming and Turner together did not fail in a duty that they either owed to themselves or others for their safety.

Very recently, the Seventh Circuit in refusing to impose heightened pleading requirements acknowledged that "[a] plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." <u>Kolupa v. Roselle Park District</u>, 438 F.3d 713 (7th Cir. 2006).

In the instant case, it would be necessary to contradict Defendant's allegations regarding Barnick's failure to heed warnings in Defendant's counterclaims in order to win on the merits. Had Defendant not made the allegations contained in paragraph 21, there would not have been the contradiction, and Defendant would not have pleaded too much.

C. <u>Defendant's Allegations Referencing The Joint Adventure of Beer Drinking and Boat Riding are not Pleaded So That Plaintiffs Can Reasonably Respond to Them.</u>

Defendant counterclaims allege that Plaintiffs' alleged intoxication and boat-riding along with Casey Barnick and Eric Allen, deceased are somehow actionable.

Plaintiffs plainly need a clearer statement of claim in

order to respond because Plaintiffs know of no theory under which Defendant BILLY JOE THOMAS can recover, as pleaded.

Boat riding, in and of itself, does not give rise to a claim. Defendant BILLY JOE THOMAS makes several allegations, either expressly or by implication, that it was Casey Barnick who was operating the boat in question. See paragraphs 7, 8, 11, 15, 16, 17, 18, 19, 20, 21 and 22. Accordingly, it would be inconsistent with the pleadings for Plaintiffs Broughton, Flemming and Turner to be anything but passengers to whom negligence cannot be imputed.

In paragraph 7 of the counterclaims, Defendant BILLY JOE THOMAS alleges that Plaintiffs Broughton, Flemming and Turner along with Eric Allen deceased "encouraged [Barnick's] intoxication by serving him beers as he was operating the boat and serving each other beer."

Illinois law on alcohol-related liability is very clear and does not make the conduct as recited above actionable. In <u>Charles v. Seigfried</u>, 165 Ill.2d 482, 651 N.E.2d 154 (Ill. 1995), the Illinois Supreme Court articulated the common law and public policy regarding alcohol-related liability. This court stated:

> "The historic common law rule, adhered to in this State, is that there is no cause of action for injuries arising out of the sale or gift of alcoholic beverages. The rationale underlying the rule is that the drinking of the intoxicant, not the furnishing of it, is the proximate cause of the intoxication and the resulting injury...As a matter of public policy, the furnishing of alcoholic beverages is considered as too remote to

6

>serve as the proximate cause of the injury.
>
>"As set forth later in this opinion, our courts have consistently adhered to the rule that there is no common law cause of action against <u>any provider</u> of alcoholic beverages for injuries arising our of the sale or gift of such beverages. The Illinois legislature, however, created a limited statutory cause of action when it enacted the original Dramshop Act of 1872 in response to a great wave of temperance reform that swept the nation....
>
>"[T]he General Assembly has pre-empted the entire field of alcohol related liability through its passage and continual amendment of the Dramshop Act....
>
>"[F]ew rules of law are as clear as that no liability for the sale or gift of alcoholic beverages exists in Illinois outside of the Dramshop Act."
>
><u>Charles v. Seigfried</u>, 165 Ill.2d 482, 486-490, 651 N.E.2d 154, 157-8 (Ill. 1995) (emphasis in original; citations omitted.)

When the rule of law as articulated in <u>Charles v. Seigfried</u>, 165 Ill.2d 482, 651 N.E.2d 154 (Ill. 1995) is applied to the instant case, it should be apparent that Defendant BILLY JOE THOMAS has not stated a claim upon which relief can be granted because Illinois law does not recognize that the furnishing of alcoholic beverages can ever be the proximate cause of injury.

Accordingly, either the counterclaims of the Defendant against Plaintiffs Broughton, Flemming and Turner cannot stand or, if there is a possible claim, there needs to be a more definitive statement so that Plaintiffs can reasonably respond.

III. **CONCLUSION**

The counterclaims of Defendant BILLY JOE THOMAS against

Plaintiffs Broughton, Flemming and Turner are variously defective for either pleading too much so as to defeat Defendant's own claim or pleading claims that are not recognized in law in Illinois.

Plaintiffs recognize that it is the general policy of this Court to allow cases to proceed on the merits, and this recognition led Plaintiffs to file their Motion for a More Definitive Statement rather than to file a FRCP 12(b)(6) motion that would prompt a more cumbersome summary judgment adjudication under Rule 56.

WHEREFORE, Plaintiffs pray that this Honorable Court will grant their Motion for a More Definitive Statement and order Defendant accordingly.

    Respectfully submitted,

    JOSHUA BROUGHTON, TIM FLEMMING, and STEPHEN TURNER,
    Plaintiffs/Claimants

By: __/s    Ralph D. Davis_____
By: __/s Jay H. Janssen_____

Ralph D. Davis (Lead counsel designate pursuant to Local Rule 11.2)
Illinois Bar # 6196388

Jay H. Janssen
Illinois Bar # 01325957

The Janssen Law Center
333 Main Street
Peoria, IL 61602
309-676-2341 phone

309-676-7678 fax
rdavis@jjlaw.com
jay@jjlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 12, 2006, I electronically filed the foregoing Motion for a More Definitive Statement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Snyder
Snyder & McGovern, LLC
343 S. Dearborn St.
Suite 2015
Chicago, IL 60604
shiplaw@juno.com

                                       /s Ralph D. Davis
                                       Janssen Law Center
                                       333 Main St.
                                       Peoria, IL 61602
                                       309-676-2341
                                       309-676-7678 (fax)
                                       rdavis@jjlaw.com